UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **CHARLES WALTERS,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:06cv0221 AS |
| | ) | |
| **ED BUSS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about April 3, 2006, this pro se petitioner, Charles Walters, incarcerated in the Miami Correctional Facility in Bunker Hill, Indiana (MCF)/ Indiana State Prison in Michigan City, Indiana, (ISP) filed the within petition seeking relief under 28 U.S.C. §2254. The response filed by the Attorney General of Indiana on August 4, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The Attorney General has placed before this Court a series of documents designated A through N2, both inclusive, which explicate in great detail the proceedings involved.

This petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the Indiana State Prison in Michigan City, Indiana, in this district. He was the subject of a prison disciplinary proceeding designated as ISP 05-12-006. The sanction included an earned credit time deprivation of 60 days which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). There

has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

When this matter is fully examined, there is no violation of the Constitution of the United States shown. The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). State law claims are not the focus and neither are the particulars of the state regulations regarding persons incarcerated. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

Therefore, the petition for relief under 28 U.S.C. §2254 is most respectfully **DENIED.  IT IS SO ORDERED**.

**DATED:**  September 27, 2006

                                                  **S/ ALLEN SHARP**
                                                  **THE HONORABLE ALLEN SHARP**
                                                  **JUDGE, UNITED STATES DISTRICT COURT**